UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:19-CR-0251-B-2 |
| § | |
| ELDRED TYRONE DIGHTMAN, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eldred Tyrone Dightman's Motion to Compel (Doc. 72). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.
### BACKGROUND

On January 15, 2020, Dightman was sentenced to twenty-six months of imprisonment and one year of supervised release after pleading guilty to possession of stolen United States mail. Doc. 65, J., 1–2. Dightman is currently housed in Dallas County jail, with his transfer to a federal facility delayed to due to the COVID-19 pandemic. Doc. 75, Gov't Resp., 2.

On July 24, 2020, Dightman sent a letter to the Court, requesting to finish his sentence at home due to his HIV making him more susceptible to the severe symptoms of COVID-19 should he contract the virus. Doc. 70, Letter, 1. The Court denied the request because it lacks the authority to order home confinement. Doc. 71, Order, 1 (citing *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995)). The Court instructed Dightman that the Court does have the authority to reduce an inmate's sentence under 18 U.S.C. § 3582. *Id.* at 2. The Court explained that should Dightman

-1-

decide to pursue that option, he would need to satisfy "the exhaustion requirements in that statute, and provide medical records of his HIV diagnosis, and any other records he deems necessary . . . ." *Id.*

Dightman took up the Court on this request and filed a Motion to Compel on August 6, 2020, based on his HIV diagnosis in light of COVID-19. *See* Doc. 72, Def.'s Mot., 1–3.

The Court ordered a response by the Government. *See* Doc. 74, Electronic Order. All briefing has been filed, and the motion is ripe for review.

Upon review, the Court concludes that Dightman has not shown that his release is warranted by extraordinary and compelling reasons. Specifically, Dightman has not provided the Court with medical records confirming his HIV diagnosis. Therefore, Dightman's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

While Dightman is not subject to the exhaustion requirement at this time because he is being held at a non-BOP facility, the Court finds that because Dightman does not submit medical records or other evidence of his HIV diagnosis, Dightman has not shown extraordinary and compelling reasons that warrant his release under § 3582.

A. *Dightman Is Not Subject to the Exhaustion Requirement.*

Under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

Because Dightman is at a non-BOP facility, *see* Doc. 75, Gov't's Resp., 2, "it appears that [Dightman] is without any administrative remedy to exhaust." *United States v. Morales*, 2020 WL 2097630, at *2 n.1 (D. Conn. May 1, 2020) (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones.")).

Therefore, the Court concludes that Dightman is not required to exhaust any administrative remedies at this point in time. The Court finds the motion is properly before the Court and proceeds to the merits.

B. *Dightman Fails to Demonstrate Extraordinary and Compelling Reasons that Warrant His Release.*

Considering the merits of his motion, the Court finds that Dightman fails to show

"extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[1] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

In the Court's denial of Dightman's letter requesting home confinement, the Court noted that Dightman would need to "provide medical records of his HIV diagnosis . . . should he decide to pursue" compassionate release under § 3582. Doc. 71, Order, 2. But as the Government points out, *see* Doc. 75, Gov't's Resp., 8, Dightman fails to do so. Without such records, the Court concludes that Dightman has not shown extraordinary and compelling reasons warranting his release. If Dightman does not have access to these records, he must relay this information to the Court.

---

[1] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

The Court notes that if Dightman decides to re-file with evidence of his HIV diagnosis, this does not necessarily mean that the Court will grant compassionate release. The Court would then conduct a thorough § 3582 analysis, which includes a consideration of the 18 U.S.C. § 3553(a) factors. *See* § 3582.

## IV.

## CONCLUSION

Dightman's request for compassionate release under § 3582(c)(1)(A) fails, because he has not demonstrated extraordinary and compelling reasons for compassionate release. The Court thus **DENIES** Dightman's motion (Doc. 72) **WITHOUT PREJUDICE**.

By denying Dightman's motion without prejudice, the Court permits Dightman to file a subsequent motion for compassionate release. However, the Court notes that Dightman must provide evidence of his HIV diagnosis before the Court engages in a full § 3582 analysis. Should Dightman not have access to these records, he must relay this information to the Court.

**SO ORDERED.**

**SIGNED: August 21, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE